# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| KEVIN CHILDERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:12-CV-005 PS |
| vs. | ) |
| | ) |
| MICHAEL MOLLENHAUER, SCOTT BELL, | ) |
| STEPHEN VANCE, and SANDRA HARRIS, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Kevin Childers, a *pro se* prisoner, filed an amended complaint under 42 U.S.C. § 1983 alleging that he was mistreated while at the LaPorte County Jail. Childers names four defendants and he raises two distinct claims. First, he argues that the medical ward at the jail should not be on lock-down. Second, he argues that he was denied medical treatment.

Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 602. Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v.*

*Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). The court must bear in mind, however, that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Childers states that these events occurred both while he was a pre-trial detainee and after he was convicted and serving his sentence. As explained in *Sandin v. Conner*, 515 U.S. 472, 485 (1995), convicted prisoners are not entitled to receive due process before being placed in segregation. Therefore he has no claim related to the lock-down of the cell block after he was convicted. Before his conviction, he was a pre-trial detainee and therefore entitled to the procedural protections of *Wolff v. McDonnell*, 418 U.S. 539 (1974), before imposition of punishment. Pre-trial detainees may not be punished without due process of law. *Bell v. Wolfish*, 441 U.S. 520 (1979). Nevertheless, not every act against an inmate constitutes punishment, and a hearing is not necessary when a lock-down is implemented for legitimate security reasons. *See Zarnes v. Rhodes*, 64 F.3d 285, 291 n.5 (7th Cir. 1995). Here, Childers alleges that the entire cell block was locked down. He gives no indication that the lock-down was implemented to punish him.

> Prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. That deference extends to a prison security measure taken in response to an actual confrontation with riotous inmates, just as it does to prophylactic or preventive measures intended to reduce the incidence of these or any other breaches of prison discipline.

*Whitley v. Albers*, 475 U.S. 312, 321–22 (1986) (citations, ellipsis, and quotation marks omitted). Because the complaint does not plausibly allege that the lock-down was intended to punish

Childers, he was not entitled to due process and he does not state a claim based on the lock-down of his cell block.

Childers also alleges that he was denied medical treatment at the jail. The complaint names four defendants: three non-medical staff and a nurse. "If a prisoner is under the care of medical experts a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005) (ellipsis omitted) *quoting Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004). Here, Childers has not plausibly alleged that the non-medical staff had any reason to second guess his medical care. Therefore the three non-medical jail staff will be dismissed.

Childers alleges that Sandra Harris left him in pain, denied him adequate exercise for his medical condition, and denied him medications that were ordered for him. "For a medical professional to be liable for deliberate indifference to an inmate's medical needs, [s]he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). Medical malpractice and incompetence do not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000). Neither does a mere "disagreement with medical professionals . . . state a cognizable Eighth Amendment Claim under the deliberate indifference standard of *Estelle v. Gamble* [429 U.S. 97 (1976)]." *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003). Here, giving Childers the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he has stated a claim

against Sandra Harris for leaving him in pain, denying him adequate exercise for his medical condition, and denied him medications that were ordered for him.

For the foregoing reasons, the court:

(1) **GRANTS** Kevin Childers leave to proceed against Sandra Harris in her individual capacity for monetary and punitive damages for leaving him in pain, denying him adequate exercise for his medical condition, and denying him medications that were ordered for him in violation of the Eighth and Fourteenth Amendments;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Michael Mollenhauer, Scott Bell, and Stephen Vance;

(4) **DIRECTS** the clerk to transmit the summons and USM-285's for Sandra Harris to the United States Marshals Service along with a copy of this order and a copy of the amended complaint (ECF 11);

(5) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Sandra Harris; and

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Sandra Harris respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.[1]

**SO ORDERED.**

ENTERED: March 15, 2012

                                   s/ Philip P. Simon
                                   PHILIP P. SIMON, CHIEF JUDGE
                                   UNITED STATES DISTRICT COURT

---

[1] N.D. IND. L.R. 10-1(b) exempts answers to *pro se* complaints from the obligation to include a verbatim, paragraph by paragraph recitation of the complaint.